IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHNNY LEE MASCARO, | ) | CIVIL NO. 14-00045 SOM/RLP |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT; |
| | ) | ORDER DENYING AS MOOT |
| vs. | ) | APPLICATION TO PROCEED IN |
| | ) | FORMA PAUPERIS |
| CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS; THOMAS S. MONSON; ELLIS GARDNER; and ROCKY PEPELI, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT;**
**ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS**

On January 24, 2014, Plaintiff Johnny Lee Mascaro, proceeding pro se, filed the Complaint in this matter, as well as an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). Mascaro bases jurisdiction on diversity of citizenship, 28 U.S.C. § 1332, claiming that all parties are citizens of different states. However, Mascaro only alleges that he is a "resident" of Waianae, Hawaii, and completely fails to allege the citizenship of himself and every Defendant. Because the Complaint fails to properly allege diversity jurisdiction, the Complaint is dismissed, rendering the Application moot.

Any court of the United States may authorize the commencement of a suit, without payment of fees or security therefor, by a person who submits an affidavit demonstrating he or she is unable to pay such costs or give such security. 28 U.S.C. § 1915(a).  This court may deny leave to proceed <u>in forma pauperis</u> at the outset if it appears from the facts of the Complaint that the action is frivolous, that the action fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); <u>see also</u> <u>Tripati v. First Nat. Bank & Trust</u>, 821 F.2d 1368, 1370 (9th Cir. 1987).  Mascaro's Complaint fails to assert a claims over which this court has subject matter jurisdiction.

Mascaro's rambling Complaint is basically a stream-of-consciousness document that is far from the "short and plain statement of the claim showing that the pleader is entitled to relief" required by Rule 8(a)(2) of the Federal Rules of Civil Procedure.  Mascaro alleges that the "events and transactions giving rise to this action occurred in the State of Hawaii," giving this court pause as to whether all Defendants are citizens of a jurisdiction other than Hawaii.

Mascaro claims that this court has subject matter jurisdiction under 28 U.S.C. § 1332, which provides this court with original jurisdiction of civil actions when the parties are

diverse and the matter in controversy exceeds $75,000, exclusive of interest and costs.  "Diversity jurisdiction requires complete diversity between the parties--each defendant must be a citizen of a different state from each plaintiff."  In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).  Allegations of residency are insufficient to properly allege diversity of citizenship, because "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency."  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir.2001).  A person's citizenship is determined by his or her state of domicile, rather than state of residence.  Id.  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."  Id.

Although Mascaro alleges that all parties are citizens of different states, he does not allege his or any Defendant's citizenship, only his residence.  In Kanter v. Warner-Lambert Co., 265 F.3d 853 (9th Cir. 2001), the court stated, "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Id. at 857 (quoting with approval Whitmire v. Victus Limited t/a Master Design Furniture, 212 F.3d 885, 887 (5th Cir. 2000), which stated, "[I]n a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be

confirmed."). Mascaro has therefore failed to properly alleged diversity jurisdiction. The court notes that it is not entirely clear from the Complaint who the intended Defendants are. Mascaro lists certain Defendants in the caption, but refers to others throughout the pleading. Under these circumstances, the court must dismiss the Complaint for lack of subject matter jurisdiction. However, the court grants Mascaro leave to file an Amended Complaint, as set forth below.

Having screened the Complaint under § 1915, the court dismisses the Complaint for lack of subject matter jurisdiction and denies the Application as moot. No later than February 27, 2014, Mascaro may file an Amended Complaint that asserts claims over which this court has subject matter jurisdiction. Any Amended Complaint must be complete in itself. That is, it may not incorporate by reference the original Complaint. Any Amended Complaint should clearly identify each Defendant and allege the citizenship of Mascaro and each Defendant. In any Amended Complaint Mascaro chooses to file, he should include only facts relevant to his claims, which he should clearly identify. To ensure the clarity of his Amended Complaint, Mascaro should ask himself, "Would a person unfamiliar with the facts of this case be able to easily understand the allegations that I am making in the Amended Complaint?"

If Mascaro chooses to file an Amended Complaint, he must pay the applicable filing fee or submit another Application. Failure to timely file an Amended Complaint along with payment of the applicable filing fee or submission of a new Application will result in the automatic dismissal of this action.

IT IS SO ORDERED

DATED:  Honolulu, Hawaii, January 30, 2014.



　　　　　　/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Mascaro v. Church of Jesus Christ of Latter Day Saints, et al., Civil No. 14-00045 SOM-RLP; ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS